UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN ADMIRALTY

LADY LUCILLE CRUISES,

    Plaintiff,

v.                                    CIVIL CASE NO.:
                                     MAGISTRATE JUDGE

UNITED BANK CARD, INC.,

    Defendant.
_____/

COMES NOW Plaintiff, LADY LUCILLE CRUISES, and sues Defendant, UNITED BANK CARD, INC., saying:

### A. JURISDICTION

1.    This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h).

2.    This case involves a maritime contract which is governed by admiralty law. Admiralty law is given to the Federal Government by Article III, Section 2, of the United States Constitution. Jurisdiction is given to this Court by 28 U.S.C. § 1333. The leading cases ruling that contracts to do business on the sea are within the scope of admiralty jurisdiction are *DeLovio v. Boit*, 7 Fed.Cas. 418 (C.C.D.Mass.1815)(No. 3776); *The Belfast*, 74 U.S. (7 Wall.) 624, 641-42, 19 L.Ed. 266(1869); and *Exxon Corp. v. Central Gulf Lines*, 500 U.S. 603, 111 S.Ct. 2071, 114 L.Ed.2d 649, 1991 AMC 1817 (1991), on remand 780 F.Supp. 191, 1992 AMC 1663 (1991).

### B. PARTIES

3. LADY LUCILLE CRUISES is a Florida fictitious name owned by Sightseeing Cruises, Inc., a Florida corporation located at 1000 S.W. 1st Way, Boca Raton, Florida, 33486. It operates the "M/V LADY LUCILLE", a 150 passenger dinner cruise vessel operating out of Fort Lauderdale, Florida.

4. Defendant, UNITED BANK CARD, INC., is a New Jersey corporation located at 53 Frontage Road, Perryville Industrial Park - Building 111, Hampton, New Jersey 08827. It is in the credit card business.

### C. COMPLAINT

5. On June 30, 2011, the parties executed a contract for a four hour dinner cruise for 130 passengers on "M/V LADY LUCILLE". The contract was signed by Joseph Rugare, owner of LADY LUCILLE CRUISES, and Nate Hirshberg, Marketing Manager of UNITED BANK CARD, INC. (Ex. A). The contract required that the passengers be picked up and returned to the Pier 66 Marina located at the Hyatt Regency Pier 66 Hotel in Fort Lauderdale, Florida.

6. The contract contained the following words over the signature of Mr. Nate Hirshberg:

> I have read and fully understand the above stated terms and the conditions as set forth in the accompanying invoice.

The terms and conditions contained the following language: (Ex.B)

> Because of the usual long lead time between the Charter Agreement and the actual charter, it is extremely rare that a substitute charter can be booked to replace a canceled charter. Accordingly, it is hereby agreed that any charter canceled within sixty (60) days of the charter date shall not relieve the charterer from payment of the full amount of the charter fee,
> and
> in the event of litigation concerning this charter agreement, the prevailing party shall be awarded its costs to include attorney's fees.

7. In accordance with the conditions of the contract, Plaintiff, LADY LUCILLE CRUISES, signed a dockage agreement with Pier 66 Marina to pick up and return the passengers there.

8. One day before the charter Defendant, UNITED BANK CARD, INC., canceled the charter. It had paid only a $2,000 deposit.

WHEREFORE, Plaintiff, LADY LUCILLE CRUISES, demands Judgment against Defendant, UNITED BANK CARD, INC., for the sum of $9,173.99, attorney's fees, interest, and costs.

Date: 11/29/2011

*Edward R. Fink*

CAPTAIN EDWARD R. FINK
Judge Advocate General's Corps
United States Navy (Retired)
Florida Bar No. 330337
2000 S. Ocean Drive - PH 3
Fort Lauderdale, Florida 33316
E-Mail: captfink@bellsouth.net
Tel. (954)524-6289; Fax (954)523-9446
Attorney for Plaintiff

Appended:
Ex. A-Signed LADY LUCILLE CRUISES Contract
Ex. B-Terms of Charter Agreement

LadyLucille.Com

3